IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE WELSH and PAULA WELSH,

       Plaintiffs,

   v.

AMERICAN HOME MORTGAGE ASSETS,
LLC; WELLS FARGO BANK, N.A.;
DEUTSCHE BANK NATIONAL TRUST
COMPANY; and Does 1 to 50,
inclusive,

      Defendants.

_____/

No. 4:13-CV-04750 CW

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS (Docket
No. 7) and GRANTING
PLAINTIFFS LEAVE TO
AMEND

Plaintiffs Maurice Welsh and Paula Welsh assert various
mortgage-related claims against Defendants American Home Mortgage
Assets, LLC, Wells Fargo Bank, N.A., and Deutsche Bank National
Trust Company. Defendants Wells Fargo and Deutsche Bank[1] move to
dismiss Plaintiffs' complaint.[2] The Court took the motion under
submission on the papers. Having considered the arguments
presented by the parties, the Court GRANTS the motion and GRANTS
Plaintiffs leave to amend.

---

[1] Defendants state that Deutsche Bank National Trust Company,
as the trustee for American Home Mortgage Assets Trust 2007-5, is
the correct defendant.

[2] Plaintiffs have filed an opposition, but it appears to be
an opposition created for an unrelated case. Plaintiffs do not
address Defendants' motion, and the opposition refers to claims
not present in the Complaint. Defendants have filed a reply.

United States District Court
For the Northern District of California

BACKGROUND

The following summary is taken from the complaint and documents of which the Court takes judicial notice.[3]

Plaintiffs are senior citizens.  Compl. Intro.  In April 2007, Plaintiffs refinanced their mortgage with a loan funded by American Home Mortgage Acceptance, Inc. in the principal amount of $580,000.  Request for Judicial Notice (RFJN), Ex. A.  The loan was secured by a deed of trust encumbering the real property located at 453 Creighton Way, Oakland, California.  Id.  The beneficiary of the deed of trust was MERS and Stewart Title was appointed as the trustee.  Id.  At the time of the loan refinance, Plaintiff Maurice Welsh was retired and Plaintiff Paula Welsh was working part-time as a self-employed contractor.  Id.

An adjustable rate rider was attached to the deed of trust. Id.  The interest rate on the loan, according to the rider, was to increase monthly but not exceed 9.95%.  Id.  Plaintiffs signed both the deed of trust and the rider.  Id.

"[W]ithout a loan officer to explain what [they] were signing and no knowledge of [the] type of loan[,]" Plaintiffs allege that they were rushed into signing the loan documents.  Compl. Intro. Plaintiffs explained to their mortgage broker that they wanted to refinance their mortgage in order to lower their monthly payments. Id.  Their broker told them he "was putting [them] in to a loan

---

[3] Defendants ask, and there is no record of Plaintiffs opposing, that the Court take judicial notice of various recorded documents associated with Plaintiffs' loan refinance, the loan secured by a deed of trust, and subsequent appointment of trustees and beneficiaries.  Defendants' Request for Judicial Notice (RFJN) Exs. A-H.  "[A] court may take judicial notice of 'matters of public record.'"  Sami v. Wells Fargo Bank, 2012 WL 967051, at *4 (N.D. Cal.) (citation omitted).  The Court GRANTS this request.

that [they] could pay the minimum amount on[,] a pick-a-pay loan."
Id.  Plaintiffs were happy with their initial payments, but did
not know they qualified for a fixed rate mortgage at an interest
rate at or below prime.  Compl. ¶ 3.

In 2008, Plaintiffs received a loan modification.  Id.
Again, however, they were rushed into signing the loan documents.
Id.  Plaintiffs allege that the modification terms were worse than
the terms of their refinancing loan.  Id.  Plaintiffs accepted the
loan modification anyway.  Id.  Now Plaintiffs believe they were
charged an excessive interest rate in the modification despite
having excellent credit.  Id.

Some time later, Plaintiffs realized that the principal on
their loan was increasing rather than decreasing.  Compl. Intro.
Plaintiffs allege that they made consistent monthly payments until
they realized that the value of their home, and those in their
neighborhood, had fallen rapidly.  Compl. ¶ 3.

During this time Plaintiff Maurice Welsh suffered a stroke.
Compl. Intro.  Plaintiff Paula Welsh stopped working to care for
her husband.  Id.  Plaintiffs allege that they attempted to modify
their loan again several times, but all attempts "proved futile."
Id.

In November 2009, LSI Title Company recorded a notice of
default on Plaintiffs' loan.  RFJN, Ex. B.

In February 2010, Plaintiffs filed for Chapter 7 bankruptcy
in the Bankruptcy Court of the Northern District of California.
RFJN, Ex. E.  In June 2010, their debts were discharged.

3

United States District Court
For the Northern District of California

1    RFJN, Ex. G.  Plaintiffs did not include their claims against

2    Defendants in their original bankruptcy schedules or in their

3    amended schedules.

4         In March 2010 and October 2010, Fidelity National Title

5    Company recorded notices of a trustee's sale of the property.

6    RFJN, Ex. C, D.

7         Plaintiffs allege that, in 2012, they filed for Chapter 13

8    bankruptcy.  Compl. Intro.

9         Since 2008, Plaintiffs' loan has been transferred five times.

10   Id.  Plaintiffs allege that, every time their lender changed, they

11   applied for a modification.  Id.  There is no record of an actual

12   foreclosure sale.  Plaintiffs filed this suit in August 2013.

13        Plaintiffs conducted an investigation into their loan

14   origination and allege several "procedural improprieties."  Compl.

15   ¶¶ 6-7.  Plaintiffs' complaint consists of fourteen causes of

16   action: (1) "fraudulent inducement to breach contract";

17   (2) violation of the Truth-In-Lending Act (TILA); (3) fraud and

18   conspiracy to commit fraud; (4) violation of California Civil Code

19   section 2923.5; (5) predatory lending "in violation of Truth In

20   Lending"; (6) unlawful business practices in violation of the

21   California Unfair Competition Law (UCL), California Business and

22   Professions Code section 17200; (7) fraudulent business practices

23   in violation of the UCL; (8) fraudulent business practices in

24   violation of the UCL;[4] (9) violation of the Fair Credit Reporting

25   _____

26        [4] In cause of action (8), Plaintiffs allege the same set of
     facts as cause of action (7), but bring (8) "by each Plaintiff
27   individually and on behalf of the general public against each
     Defendant."
28

4

Act (FRCA); (10) defamation; (11) false light; (12) breach of contract; (13) declaratory relief/injunction; and (14) financial elder abuse.

<div align="center">LEGAL STANDARD</div>

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Twombly, 550 U.S. at 555. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008). The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice. Id. at 1061. However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

United States District Court
For the Northern District of California

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

<div style="text-align:center">DISCUSSION</div>

Defendants seek to dismiss Plaintiffs' complaint in its entirety.  They argue that Plaintiffs' complaint fails for several reasons.  First, Plaintiffs' complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a). Second, Plaintiffs' failure to declare these claims in their bankruptcy schedules bars them from bringing this action.  Third, Plaintiffs' causes of action grounded in fraud do not satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b) and are time-barred.  Fourth, Plaintiffs' claims brought pursuant to TILA are time-barred.  Fifth, Plaintiffs do not allege sufficient facts to support their claim under California Civil Code section 2923.5.  Sixth, Plaintiffs' causes of actions based on the UCL do not allege sufficient facts to support the claims.  Seventh, Plaintiffs' claims for violations of FCRA fail to state a claim for which relief can be granted.  Eighth, Plaintiffs' claims for defamation and false light fail because they are preempted by FCRA.  Ninth, Plaintiffs' claims for breach of contract are plead

<div style="text-align:left; writing-mode:vertical">**United States District Court**<br>For the Northern District of California</div>

insufficiently.  Tenth, Plaintiffs' equitable relief claims fail because they are plead insufficiently.  Lastly, Plaintiffs' claim for financial elder abuse is plead insufficiently.

I.   Rule 8(a)

Defendants argue that Plaintiffs' complaint should be dismissed in its entirety because its "boilerplate allegations fail to give Defendants fair notice."  Defs.' Mot. Dismiss 1.

"Under Twombly and Iqbal, 'the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"  Perez v. Gordon & Wong Law Grp., PC, 2012 WL 1029425, at *6 (N.D. Cal.) (quoting Iqbal, 556 U.S. at 678).  "Rather, 'in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' Twombly, 550 U.S. at 554-55, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, Iqbal, 556 U.S. at 678.'" Id. (internal quotation marks and citations omitted).  "[W]hile the Rule 8 pleading standard does not require extensive, detailed factual allegations, bare statements reciting mere legal conclusions are insufficient."  Id. at *10.  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

While many of Plaintiffs' claims are defective for various reasons, their factual allegations are more than a recitation of boilerplate.  Accordingly, the Court declines to dismiss the complaint in its entirety based on Rule 8(a).

II.  Standing After Bankruptcy Discharge

Defendants argue that Plaintiffs do not have standing to bring any of these claims because Plaintiffs failed to schedule their claims in their bankruptcy proceedings.  Defendants also argue that Plaintiffs are judicially estopped from bringing the claims.

A. Failure to Schedule Claims in Bankruptcy Proceedings

Chapter 7 debtors are required to list their accrued causes of action in their bankruptcy schedule forms in order to retain standing to bring those actions to court.  See Flowers v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 75429, at *7-8 (N.D. Cal.)("Upon a declaration of bankruptcy, all of a petitioner's property becomes the property of the bankruptcy estate . . . including 'all legal or equitable interests of the debtor in property,' which has been interpreted to include causes of action.") (citing, among other authority, 11 U.S.C. § 541(a); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986)); see also Cloud v. Northrop Grumman Corp., 67 Cal. App. 4th 995, 1001 (1998) ("The widely accepted rule is that after a person files for bankruptcy protection, any causes of action previously possessed by that person become the property of the bankrupt estate.").  "Accordingly, a bankruptcy petitioner loses standing for any causes of action and the estate becomes the only real party in interest unless the bankruptcy trustee abandons the claims." Flowers, 2011 U.S. Dist. LEXIS 75429, at *8 (citing In re Lopez, 283 B.R. 22, 28-32 (9th Cir. 2002); In re Pace, 146 B.R. 562, 565-66 (9th Cir. 1992)).  If the claims are not

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    scheduled, the trustee cannot know of them and thus cannot choose

2    to abandon them.

3      Plaintiffs allege that they were aware of the fraud in 2009.

4    Plaintiffs did not, however, schedule their claims against

5    Defendants prior to their June 2010 Chapter 7 discharge.

6    Accordingly, all of Plaintiffs' causes of action that accrued

7    prior to their 2010 bankruptcy discharge -- and it appears that

8    all of them did -- are dismissed for failure to schedule those

9    claims.

10      Plaintiffs are GRANTED leave to amend to remedy this

11    deficiency if they can do so truthfully and without contradicting

12    the allegations in their prior pleadings.

13      B. Judicial Estoppel

14      Defendants also argue that, as a result of Plaintiffs'

15    failure to schedule their claims, Plaintiffs are judicially

16    estopped from bringing them. "[J]udicial estoppel is an equitable

17    doctrine invoked by a court at its discretion." New Hampshire v.

18    Maine, 532 U.S. 742, 750 (2001) (citation omitted). "[I]ts

19    purpose is to protect the integrity of the judicial process by

20    prohibiting parties from deliberately changing positions according

21    to the exigencies of the moment." Id. at 749-50 (citation and

22    internal quotation marks omitted).

23      In the bankruptcy context, the Ninth Circuit has held that

24    "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed)

25    lawsuit from the bankruptcy schedules and obtains a discharge (or

26    plan confirmation), judicial estoppel bars the action." Ah Quinn

27    v. County of Kauai DOT, 733 F.3d 267, 271 (9th Cir. 2013).

28

> Because of the Bankruptcy Code requirements to disclose the whole spectrum of a petitioner's financial affairs, courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped or barred by res judicata from bringing the action after confirmation of the bankruptcy reorganization plan.  Those decisions rely primarily upon the well-established requirement that a debtor seeking the benefits of bankruptcy must fulfill the companion duty of fully disclosing and scheduling all property interests and rights so that the bankruptcy court and creditors can make an informed decision about the debtor's proposed reorganization plan.

Billmeyer v. Plaza Bank of Commerce, 42 Cal. App. 4th 1086, 1091-92 (1995) (citations omitted).

Plaintiffs failed to schedule their claims against Defendants in their Chapter 7 bankruptcy proceeding.  As a result, any of Plaintiffs' claims that accrued before their bankruptcy filing are barred by judicial estoppel.  It appears that all of the claims are barred and, thus, they are dismissed.  Plaintiffs are granted leave to amend to remedy this deficiency if they can do so truthfully and without contradicting the allegations in their prior pleadings.  If Plaintiffs believe that they have alleged claims that are not barred as a result of failure to schedule them, they must state their reasons in an amended complaint.

III. Failure to State a Claim and Time Bars

Defendants move to dismiss each claim for failure to state a claim or failure to allege sufficient facts.  They also argue that all of the claims are time-barred.

A. First Cause of Action: Fraudulent Inducement to Contract

Plaintiffs allege that they were they were rushed into signing for a loan which quickly negatively amortized.  They allege that this subjected them to a "blatant bait-and-switch (fraudulent inducement)."  Compl. Intro.  Plaintiffs term this as

"fraudulent inducement to breach contract."  The Court construes this to mean fraudulent inducement to contract.  Defendants argue that the claim is not plead sufficiently according to the requirements of Rule 9(b) for claims sounding in fraud.  They also argue that the claim is time-barred.

### 1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' cause of action for fraudulent inducement is dismissed due to their failure to schedule this claim in the 2010 bankruptcy.

### 2. Rule 9(b)

It appears that Plaintiffs base their causes of action for fraud on the behavior of their broker, who, in 2007, induced them into a refinance loan that they could not afford.

"Under California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003).  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).

Plaintiffs fail to allege facts sufficient to state a claim for fraud.  With regard to the 2007 contract arranged by the broker, Plaintiffs allege that they were pressured into a loan which had a "pick-a-payment" option.  They allege that the broker knew that Plaintiffs' payments were going to increase suddenly and also knew that, when the payment amount increased, Plaintiffs would not be able to continue to make their payments.  Plaintiffs allege that they told the broker several times that, due to their

11

age and health, the purpose of the refinance was to lower their monthly mortgage payments.

But Plaintiffs do not provide any facts to support the allegation that the broker fraudulently induced them to enter into the contract.  Many of the broker's statements were, according to the complaint, true.  The broker told Plaintiffs that their initial loan payment was the minimum they could pay under the "pick-a-pay" provision, which Plaintiffs do not allege to be false.  The broker also told them that they could refinance the loan again in two years, and Plaintiffs received a loan modification in 2008.  Nor do Plaintiffs allege how either Defendant is liable for the broker's conduct.

Accordingly, the Court GRANTS Defendants' motion to dismiss this cause of action.  Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

### 3. Statute of Limitations

Defendants also move to dismiss Plaintiffs' cause of action for fraudulent inducement as time-barred.  In the case of fraud or mistake, the statute of limitations is three years after the fraud or mistake has been discovered.  Cal. Civ. Proc. Code § 338(d). "The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."  Id.  "Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her."  Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103, 1110 (1988).  "In order to

United States District Court
For the Northern District of California

rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (citation omitted). "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." Id. at 809.

Plaintiffs' claim for fraudulent inducement began to run on the date of the loan refinance, April 2, 2007. Plaintiffs allege that, at the time of the refinance, they did not realize they were taking out a loan that negatively amortized. Be that as it may, they admit that they discovered the alleged fraud sometime between the 2007 loan date and the November 2009 notice of default. Plaintiffs did not file this suit, however, until August 2013, almost four years after they admit they became aware of the fraud. Therefore even if the Court allowed for delayed discovery, Plaintiffs' fraudulent inducement claim is time-barred as of November 2012, unless there are grounds for equitable tolling.

Accordingly, the Court GRANTS Defendants' motion to dismiss this cause of action. Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

**United States District Court**
For the Northern District of California

B. Second Cause of Action: Violation of the Truth-In-Lending
Act (TILA)

    1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' cause of action for a TILA
violation is dismissed due to their failure to schedule this claim
in their 2010 bankruptcy.

    2. Failure to State a Claim

Notwithstanding the bankruptcy standing and estoppel issues,
Plaintiffs allege that Defendants, "at the initial time of
purchase," failed to "provide plaintiff [sic] with accurate and
clear and conspicuous material disclosures required under TILA."
Compl. ¶ 17.  The Court construes Plaintiffs' allegations as
referring to the 2007 loan refinancing.  They further allege that
Defendants failed to explain the terms of the loan and its
interest rate provisions.  Defendants do not argue that Plaintiffs
received the required disclosures; they only argue that
Plaintiffs' TILA claims are time-barred.

"TILA imposes several disclosure requirements on lenders of
consumer loans and their assignees.  Generally, the law requires a
lender to disclose, among other things, the amount financed, the
total finance charge, the finance charge expressed as an annual
percentage rate, the sum of the amount financed and the finance
charge ('total of payments'), and the number, amount, and due
dates of payments scheduled to repay the total of payments."
Shaterian v. Wells Fargo Bank, N.A., 829 F. Supp. 2d 873, 880
(N.D. Cal. 2011); see 15 U.S.C. § 1638.  In addition, a "borrower
states a claim for a violation of TILA based on, among other
disclosure deficiencies, the failure of the lender to clearly

14

**United States District Court**
For the Northern District of California

state that making payments pursuant to the [adjustable mortgage rate] payment schedule <u>will</u> result in negative amortization during the initial years of the loan." <u>Boschma v. Home Loan Ctr., Inc.</u>, 198 Cal. App. 4th 230, 245 (2011) (emphasis in original).

Plaintiffs allege that they did not receive, as required by the federal regulations implementing TILA, the following documents and disclosures: "Truth-in-Lending Statement"; properly signed Rescission Notice; exact index used for calculating the interest rate; "HUD-1 Settlement Statement or Estimated Closing Statement"; "original Loan Application signed and dated by the loan officer . . . [and] required upfront disclosures."[5]  Compl. ¶ 7.  They also allege they did not receive a clear statement saying that, by choosing the lowest payment available under the contract, the loan will certainly negatively amortize.  Judicially noticed documents show, however, that Plaintiffs' signed loan agreement included all of the information required by TILA that Plaintiffs allege they did not receive.  RFJN Ex. A.  Plaintiffs do not allege any facts to support the accusation that they did not receive the required documents.  Accordingly, the Court GRANTS Defendants' motion to dismiss this claim.  Plaintiffs are granted leave to amend to

---

[5] Many of these allegations are not applicable to TILA, but to the Real Estate Settlement Procedures Act (RESPA). 12 U.S.C. § 2601 <u>et seq.</u>  Plaintiffs do not, however, allege any causes of action under RESPA, nor do they allege that their loan is a "federally related mortgage loan" that is covered by RESPA.  <u>Id.</u> Furthermore, RESPA does not contain a private right of action for violations of disclosure requirements.  <u>See Saldate v. Wilshire Credit Corp.</u>, 711 F. Supp. 2d 1126, 1133 (E.D. Cal. 2010). Plaintiffs also mention violations of "ECOA, GLB, [and] FACTA," but they do not spell out the names of these alleged statutes or allege any specific facts with regard to them.

remedy these deficiencies if they can do so truthfully and without

contradicting the allegations in their prior pleadings.

2.   Statute of Limitations

Even if Plaintiffs state a sufficient claim for TILA

violations, Defendants argue that the cause of action is time-

barred.  "Actions under TILA must be brought within one year of

the violation."  In re Davies, 565 F. App'x 630, 633 (9th Cir.

2014); see 15 U.S.C. § 1640(e).  "The date of violation refers to

the date of the consummation of the transaction, unless the

doctrine of equitable tolling applies."  Quintero Family Trust v.

OneWest Bank, FSB, 2010 WL 392312, at *3 (S.D. Cal.) (citing King

v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986)).  "[T]he

doctrine of equitable tolling may, in the appropriate

circumstances, suspend the limitations period until the borrower

discovers or had reasonable opportunity to discover the fraud or

nondisclosures that form the basis of the TILA action."  King, 784

F.2d at 915.

Without equitable tolling, Plaintiffs' TILA cause of action

would be time-barred as of April 2008, one year after the

consummation of the refinancing loan agreement.  Plaintiffs allege

that they only discovered the TILA violations in the last year,

but they do not provide facts sufficient for this Court to make a

determination as to whether their failure to discover TILA

violations was reasonable.  Specifically, they do not provide any

facts regarding how they could have signed the loan agreement that

includes all of these facts, but yet now allege that they did not

receive the information.  They allege that only after obtaining an

audit/review of their loan file did they realize that the lender

had failed to provide many of the necessary and required disclosures, but they do not provide the date of this audit nor explain why they did not inquire earlier.

Plaintiffs have not plead facts sufficient to delay the running of the statute of limitations for this TILA violation. Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.  In any amended complaint, Plaintiffs must allege facts to support why equitable tolling should apply with regard to their TILA claims.

C. Third Cause of Action: Fraud and Conspiracy to Commit Fraud

1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' causes of action for fraud and conspiracy to commit fraud are dismissed due to their failure to schedule these claims in the 2010 bankruptcy.

2. Rule 9(b)

Plaintiffs allege they were fraudulently induced to sign their mortgage refinance documents and, hence, were subjects of a bait-and-switch.  Compl. ¶ 24.  For the same reasons as discussed above with respect to their fraudulent inducement claim, Plaintiffs have failed to plead facts to support this fraud cause of action with the particularity required by Rule 9(b). Plaintiffs do not allege any facts to support the fraud accusation against the broker.  They also do not specify which Defendant defrauded them.

Plaintiffs also allege that "the defendants conspired with each other to harm plaintiff [sic] . . . [and that] [e]ach of the

**United States District Court**
For the Northern District of California

defendants were aware of the acts of their co-conspirators, agreed with the acts performed, and each intended to help the other commit wrongful acts."  Compl. ¶ 25.

    "[T]erms like 'conspiracy,' or even 'agreement,'" must be accompanied by more specific allegations; by themselves "a court is not required to accept such terms as a sufficient basis for a complaint."  <u>Twombly</u>, 550 U.S. at 557.  Plaintiffs fail to allege any facts to support this cause of action.  Needless to say, Plaintiffs also fail to state those facts with the particularity required by Rule 9(b).

                 3. Statute of Limitations

    Plaintiffs' claim for fraud in connection with the 2007 loan refinance began to run not later than November 2009, the date of the first notice of default.  As discussed above in regards to the fraudulent inducement cause of action, Plaintiffs did not file this suit until August 2013, almost four years after they admit they became aware of the fraud and conspiracy.  Therefore even if the Court allowed for delayed discovery, Plaintiffs' fraud and conspiracy to commit fraud causes of action are time-barred as of November 2012.

    Accordingly, the Court GRANTS Defendants' motion to dismiss this claim for these reasons as well.  Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

**United States District Court**
For the Northern District of California

D. Fourth Cause of Action: Violation of California Civil Code
   section 2923.5 / Declaratory Judgment

    1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' cause of action for a section 2923.5 violation is dismissed due to their failure to schedule this claim in the 2010 bankruptcy.

    2. Failure to State a Claim

Section 2923.5 provides the procedures that a mortgagee, trustee or beneficiary must follow before a notice of default can be filed pursuant to California Civil Code section 2924. Cal. Civ. Code § 2923.5(a)(1). Section 2923.5(a)(2) requires that the foreclosing entity must contact the borrower in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. This includes "provid[ing] the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency." Id. This contact must occur more than thirty days prior to when the notice of default is recorded. Id.; see also Rossberg v. Bank of Am., N.A., 219 Cal. App. 4th 1481, 1494 (2013). Subsection (b) provides that a notice of default must include a declaration that the foreclosing entity has contacted the borrower, or has tried with due diligence to contact the borrower. Cal. Civ. Code § 2923.5(b). "A borrower may state a cause of action under section 2923.5 by alleging the lender did not actually contact the borrower or otherwise make the required efforts to contact the borrower despite a contrary declaration in the recorded notice of default." Rossberg, 219 Cal. App. 4th at 1494.

United States District Court
For the Northern District of California

1   Plaintiffs allege facts sufficient to state a claim for a

2   section 2923.5 cause of action.  They claim that Defendants failed

3   to contact them, prior to issuing the notice of default, to

4   discuss modification options.  They further allege that Defendants

5   failed to provide contact information for federal housing

6   counseling agencies.  Even though Defendants made a "contrary

7   declaration" in the notice of default, Plaintiffs have alleged

8   sufficient facts to support this cause of action by alleging they

9   did not receive the required contact information.  Accordingly,

10   the Court declines to dismiss this cause of action for failure to

11   state a claim.

12          3. Declaratory Judgment

13   Plaintiffs request declaratory relief regarding the failure

14   to comply with section 2923.5.  When a claim for declaratory

15   relief is removed to federal court, the court must conduct its

16   analysis under the Declaratory Judgment Act (DJA).  See Golden

17   Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 753 (9th Cir.

18   1996), overruled on other grounds by Gov't Emps. Ins. v. Dizol,

19   133 F.3d 1220 (9th Cir. 1998); see also Gamble v. GMAC Mortg.

20   Corp., 2009 WL 400359, at *2 (N.D. Cal.).  The DJA permits a

21   federal court to "declare the rights and other legal relations" of

22   parties to "a case of actual controversy."  28 U.S.C. § 2201; see

23   Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th

24   Cir. 1986).

25   The "actual controversy" requirement of the DJA is the same

26   as the "case or controversy" requirement of Article III of the

27   United States Constitution.  Am. States Ins. Co. v. Kearns, 15

28   F.3d 142, 143 (9th Cir. 1993).  The declaratory judgment plaintiff

must establish that the "facts alleged under all the circumstances show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of declaratory judgment." Micron Tech., Inc. v. Mosaid Techs., Inc., 518 F.3d 897, 901 (Fed. Cir. 2008) (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

Because Plaintiffs have alleged facts sufficient to support a cause of action for a violation of section 2923.5, the Court declines to dismiss, for failure to state a claim, this claim requesting declaratory judgment.[6]

E. Fifth Cause of Action: Predatory Lending in Violation of Truth In Lending

1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' cause of action for predatory lending and a violation of TILA is dismissed due to their failure to schedule this claim in the 2010 bankruptcy.

2. Failure to State a Claim

Plaintiffs allege that Defendants failed to disclose all material facts and that their refinanced loan contract contained terms that were "inherently unfair, fraudulent or unconscionable." Compl. ¶ 43. These undisclosed facts include a description of closing costs and a statement disclosing the "yield spread premium

---

[6] Plaintiffs state that they are "entitled to an order from this court deeming the [notice of default] null and void." Compl. ¶ 38. The sole remedy available, however, for a section 2923.5 violation is a postponement of the foreclosure sale until Defendants have provided the required disclosures and contact information. Mabry v. Superior Court, 185 Cal. App. 4th 208, 235 (2010).

United States District Court
For the Northern District of California

paid directly or indirectly, in whole or in part to a mortgage
loan officer."[7]  Id. at ¶ 44.  Plaintiffs also allege, on
information and belief, that "defendants committed other acts
which rise to the level of predatory lending."  Id.

Plaintiffs claim these practices amount to "predatory
lending," where "the office of [the] Comptroller of the currency
defines predatory lending as anyone [sic] secured by real estate
that shares well known common characteristics that result in
unfair and deceptive practices under California [B]usiness and
[P]rofessions [C]ode section 17200."  Id. ¶ 42.  The Court
construes these allegations to be pursuant both to TILA, as
discussed above, and to California's "Predatory Lending Law,"
known as Division 1.6.  Codified at California Financial Code
section 4970, Division 1.6 applies to a "consumer credit
transaction that is secured by real property located in this state
used, or intended to be used or occupied, as the principal
dwelling of the consumer that is improved by a one-to-four
residential unit."  Cal. Fin. Code § 4970(d).  The statute
prohibits "excessive prepayment fees, making loans without any
reasonable expectation they can be repaid, refinancing with no
benefit to the borrower, encouraging default on an existing loan
in connection with refinancing that loan, financing unnecessary
products such as credit insurance, unfairly accelerating

---

[7] Under certain circumstances, and with regard to federally
related mortgage loans, RESPA requires the disclosure of a loan's
yield spread premium.  Plaintiffs do not allege, however, any
causes of action pursuant to RESPA nor do they allege that their
loan is protected under RESPA.  In any case, as discussed above,
RESPA does not provide a private right of action for disclosure
violations.  Saldate, 711 F. Supp. 2d at 1133.

United States District Court
For the Northern District of California

indebtedness, and financing excessive points and fees." <u>Am. Fin.</u>
<u>Services Assn. v. City of Oakland</u>, 34 Cal. 4th 1239, 1256 (2005).

To the extent that Plaintiffs are attempting to allege a TILA claim, that cause of action is dismissed for the same reasons the TILA cause of action is dismissed above.  For reasons set forth with respect to the related causes of action above, Plaintiffs have not alleged facts sufficient to support a cause of action under Division 1.6.

Accordingly, the Court GRANTS Defendants' motion to dismiss this cause of action.  Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

> F. Sixth, Seventh and Eighth Causes of Action: Violations of California Business and Professions Code section 17200 <u>et</u> <u>seq.</u>

Plaintiffs allege that Defendants, "by failing to comply with the legal prerequisites for foreclosure proceedings, . . . are engaging in unfair business practices[.]"  Compl. ¶ 53.  The California Unfair Competition Law (UCL), codified at California Business and Professions Code section 17200 <u>et</u> <u>seq.</u>, prohibits "any unlawful, unfair or fraudulent business act or practice."  Because section 17200 is written in the disjunctive, it establishes three types of unfair competition.  <u>Davis v. Ford</u> <u>Motor Credit Co.</u>, 179 Cal. App. 4th 581, 593 (2009).  Therefore, a practice may be prohibited as unfair or deceptive even if it is not unlawful and vice versa.  <u>Podolsky v. First Healthcare Corp.</u>, 50 Cal. App. 4th 632, 647 (1996).  UCL claims have a statute of limitations of four years.  Cal. Bus. & Prof. Code § 17208.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    1. Effect of Bankruptcy Discharge

2         Plaintiffs' causes of action under the UCL based on their

3    fraud, TILA and section 2923.5 claims, as well as the UCL claims

4    themselves, are dismissed due to their failure to schedule them in

5    the 2010 bankruptcy.

6         2. Sixth Cause of Action: Unlawful Business Practice

7         An unlawful business practice includes anything that can be

8    called a business practice and that is forbidden by law.  Ticconi

9    v. Blue Shield of Cal. Life & Health Ins., 160 Cal. App. 4th 528,

10   539 (2008).  Any federal, state or local law can serve as a

11   predicate for an unlawful business practice action.  Smith v.

12   State Farm Mut. Auto. Ins. Co., 93 Cal. App. 4th 700, 718 (2001).

13   Thus, the UCL incorporates violations of other laws and treats

14   them as unlawful practices independently actionable under the UCL.

15   Id.; Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048

16   (9th Cir. 2000); Cel-Tech Communs., Inc. v. L.A. Cellular Tel.

17   Co., 20 Cal. 4th 163, 180 (1999).

18        This cause of action, to the extent it is based on alleged

19   violations of TILA and section 2923.5, fails for the same reasons

20   those claims failed.  Plaintiffs also fail to allege any dates

21   associated with this cause of action, making it impossible for the

22   Court to determine if the action is time-barred.  Accordingly, the

23   Court GRANTS Defendants' motion to dismiss this cause of action.

24   Plaintiffs are granted leave to amend to remedy these deficiencies

25   if they can do so truthfully and without contradicting the

26   allegations in their prior pleadings.

27

28

### 3. Seventh and Eighth Causes of Action: Fraudulent Business Practices

"A fraudulent business practice is one in which members of the public are likely to be deceived." Morgan v. AT&T Wireless Servs., Inc., 177 Cal. App. 4th 1235, 1254 (2009). "A UCL claim based on the fraudulent prong can be based on representations that deceive because they are untrue, but also those which may be accurate on some level, but will nonetheless tend to mislead or deceive. . . . A perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL." Id. at 1255. The fraudulent business practice must still be plead with the particularity required by Rule 9(b); "while a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009)(citation omitted).

Here, Plaintiffs incorporate the same accusations as they did for their fraud causes of action. As discussed above, Plaintiffs' fraud claims are dismissed due to Plaintiffs' failure to schedule them in the 2010 bankruptcy proceeding. Also as discussed above, the allegations grounded in fraud and failure to disclose do not comply with the requirements of Rule 9(b), and they are time-barred. Plaintiffs also allege business practices that relate generally to all homeowners such as the accusation that Defendants "continu[e] to demand and accept mortgage payments on homes that have in fact foreclosed." Compl. ¶ 59. This accusation does not,

**United States District Court**
For the Northern District of California

however, apply to Plaintiffs, because their home has not yet been foreclosed upon.

Accordingly, the Court GRANTS Defendants' motion to dismiss these causes of action for fraudulent business practices. Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

### 4. Unfair Business Practices

Although Plaintiffs do not directly state a cause of action based on unfair business practices, Plaintiffs make several factual allegations that suggest such a cause of action.

The California Supreme Court has not established a definitive test to determine whether a business practice is unfair under the UCL. See Cel-Tech, 20 Cal. 4th at 187 n.12 (stating that the test for unfairness in cases involving business competitors is "limited to that context" and does not "relate[ ] to actions by consumers."). California courts of appeal have applied three different tests to evaluate claims by consumers under the UCL's unfair practices prong. Drum v. San Fernando Valley Bar Ass'n, 182 Cal. App. 4th 247, 256 (2010).

Under one test, a consumer must allege a "violation or incipient violation of any statutory or regulatory provision, or any significant harm to competition." Id. The "public policy which is a predicate to a consumer unfair competition action under the 'unfair prong' of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." Id.

Under the second test, the "unfair prong" requires a consumer to plead that (1) a defendant's conduct "is immoral, unethical,

**United States District Court**
For the Northern District of California

oppressive, unscrupulous or substantially injurious to consumers"
and (2) "the utility of the defendant's conduct" is outweighed by
"the gravity of the harm to the alleged victim." Id. at 257
(citing Smith, 93 Cal. App. 4th at 718-719).

The third test, which is based on the Federal Trade
Commission's definition of unfair business practices, requires
that, as a result of unfair conduct, "(1) the consumer injury must
be substantial; (2) the injury must not be outweighed by any
countervailing benefits to consumers or competition; and (3) it
must be an injury that consumers themselves could not reasonably
have avoided." Id. (citation and internal quotation marks
omitted).

In Lozano v. AT&T Wireless Serv., Inc., 504 F.3d 718, 736
(9th Cir. 2007), the Ninth Circuit endorsed the tethering test or
the balancing test and declined "to apply the FTC standard in the
absence of a clear holding from the California Supreme Court."
See Ferrington v. McAfee, Inc., 2010 WL 3910169, at *12 (N.D.
Cal.) ("Pending resolution of this issue by the California Supreme
Court, the Ninth Circuit has approved the use of either the
balancing or the tethering tests in consumer actions, but has
rejected the FTC test.") (citation omitted); I.B. ex rel. Fife v.
Facebook, Inc., 905 F. Supp. 2d 989, 1010-11 (N.D. Cal. 2012).

Under the tethering test, Plaintiffs have not plead facts
sufficient to support a claim under the unfairness prong of the
UCL. As discussed above, Plaintiffs' claims under both TILA and
section 2923.5 are subject to dismissal due to failure to schedule
them in the 2010 bankruptcy. Under the balancing test, Plaintiffs
have not alleged any facts to support the conclusion that any of

Defendants' conduct "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."

G. Ninth Cause of Action: Violations of the Fair Credit Reporting Act (FCRA)

1. Effect of Bankruptcy

As discussed above, Plaintiffs' cause of action for a FCRA violation is dismissed due to their failure to schedule it in the 2010 bankruptcy.

2. Failure to State a Claim

FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007). To achieve this goal, it "imposes some duties on the sources that provide credit information to [credit reporting agencies], called 'furnishers' in the statute." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1162 (9th Cir. 2009). These duties are triggered whenever a CRA notifies a furnisher that a consumer has disputed information that it provided to the agency. Id.; 15 U.S.C. § 1681s-2(b)(1). Once this occurs, the furnisher must "conduct an investigation with respect to the disputed information, . . . review all relevant information provided by the consumer reporting agency" about the dispute, and correct any inaccuracies. Id.; see also Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002) (describing furnisher's duties under the FCRA). If the furnisher fails to carry out any of these duties, the consumer who initiated the dispute may sue the furnisher. 15 U.S.C. § 1681o; Nelson, 282 F.3d at 1059. The statute of limitations on FRCA claims is two years from the date

of discovery or five years after the date on which the violation occurred.  <u>Deaton v. Chevy Chase Bank</u>, 157 Fed. App'x. 23, 25 (2005); <u>see also</u> 15 U.S.C. § 1681(p).

Plaintiffs allege that "Defendant [sic] willfully and with intent to injure plaintiffs reported to the various reporting agencies that plaintiffs were delinquent on their loan obligations."  Compl. ¶ 62.  They also allege that "Defendants willfully and/or negligently failed to remove and delete negative credit reporting information on plaintiff's [sic] credit report despite such knowledge."  <u>Id.</u>

These allegations are insufficient to support a claim for a FCRA violation.  Plaintiffs do not allege that Defendants released any false information to the CRAs.  They also do not allege that they initiated a dispute with the CRAs nor do they allege that Defendants failed to comply with their post-dispute FCRA obligations.  Lastly, they fail to allege any dates associated with this claim, such that the Court cannot determine if the claim is time-barred.

Accordingly, the Court GRANTS Defendants' motion to dismiss this claim.  Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

H. Tenth Cause of Action: Defamation

    1. Effect of Bankruptcy

As discussed above, Plaintiffs' cause of action for defamation is dismissed due to their failure to schedule this claim in their 2010 bankruptcy.

**United States District Court**
For the Northern District of California

1    2. Failure to State a Claim

2    Plaintiffs allege that Defendants, with malice, made false

3    statements to the CRAs and damaged their credit and reputations.

4    Defendants argue that FCRA preempts Plaintiffs' defamation claim.

5    Under California law, a claim for defamation requires the

6    intentional publication of a fact that is false, unprivileged, and

7    has a tendency to injure.  Cal. Civ. Code §§ 44-46.  However, the

8    FCRA preempts claims of defamation against a person who furnishes

9    information to a consumer reporting agency unless the false

10   information is furnished with malice or willful intent to injure a

11   consumer.  15 U.S.C. § 1681h(e).  Under California law, the

12   statute of limitations for both defamation and false light is one

13   year.  Cal. Civ. Proc. Code § 340.

14   Plaintiffs do not allege any facts to support their claim of

15   defamation.  While they allege that Defendants furnished, to the

16   CRAs, information that stated they were delinquent on their loan

17   obligations, they do not allege any facts to support the

18   accusation that the information provided was false.  They also do

19   not allege the dates upon which they were defamed, making it

20   impossible for the Court to determine if the claim is time-barred.

21   Accordingly, the Court GRANTS Defendants' motion to dismiss this

22   claim.  Plaintiffs are granted leave to amend to remedy the

23   deficiencies noted above if they can do so truthfully and without

24   contradicting the allegations in their prior pleadings.

25   I. Eleventh Cause of Action: False Light

26   "In California, a 'false light' cause of action is in

27   substance equivalent to a libel claim, and should meet the same

28   requirements of the libel claim, including proof of malice.

Further, '[w]hen a false light claim is coupled with a defamation claim, the false light claim is essentially superfluous, and stands or falls on whether it meets the same requirements as the defamation cause of action.'" Harkonen v. Fleming, 880 F. Supp. 2d 1071, 1082 (N.D. Cal. 2012).

Plaintiffs' false light claim fails for the same reasons their defamation claim fails. Accordingly, the Court GRANTS Defendants' motion to dismiss this claim. Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

J. Twelfth Cause of Action: Breach of Contract

Plaintiffs allege that Defendants "continually breached their contractual obligations" pursuant to the 2007 loan refinancing contract. Compl. ¶ 83-90. They further allege that "as a direct and proximate result of said breach, plaintiffs have suffered general and special damages in an amount according to proof." Id. at ¶ 91.

1. Effect of Bankruptcy Discharge

As discussed above, Plaintiffs' cause of action for breach of contract is dismissed due to their failure to schedule it in the 2010 bankruptcy.

2. Failure to State a Claim

"The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages." McNeary-Calloway v. JPMorgan Chase Bank, N.A., 863 F. Supp. 2d 928, 954 (N.D. Cal. 2012).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

Plaintiffs do not allege any facts to support the accusation that Defendants breached this contract.  Nor do Plaintiffs allege, as required for a breach of contract claim, that they performed under the contract.  In fact they admit that they failed to pay according to its terms.  Plaintiffs do not allege why they should be excused from performance.  Lastly, Plaintiffs do not indicate any dates on which Defendants allegedly breached the contract, making it impossible for the Court to determine if the cause of action is within the applicable statute of limitations.

Accordingly, the Court GRANTS Defendants' motion to dismiss this cause of action for breach of contract.  Plaintiffs are granted leave to amend to remedy these deficiencies if they can do so truthfully and without contradicting the allegations in their prior pleadings.

### K. Thirteenth Cause of Action: Declaratory Judgment and Injunctive Relief

"Plaintiffs claim that they are the true owners [of the property] and seek judicial declaration from this court to that effect."  Compl. ¶ 93.  They also seek a declaration from the Court that the notice of default "issued in or around July 2009 is invalid and void as a result of [Defendants'] failure to comply" with relevant laws.  Id. at 94.  Lastly, Plaintiffs seek to enjoin Defendants from foreclosing on the property.

#### 1. Declaratory Judgment

In effect, Plaintiffs are seeking a declaratory judgment equivalent to a quiet title action.  "The purpose of a quiet title action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to

decree to each such interest or estate therein as he may be
entitled to." Rosenfeld v. JPMorgan Chase Bank, N.A., 732 F.
Supp. 2d 952, 974 (N.D. Cal. 2010) (internal quotation marks and
citations omitted).  A quiet title action must include: "(1) a
description of the property in question; (2) the basis for
plaintiff's title; and (3) the adverse claims to plaintiff's
title." Ananiev v. Aurora Loan Servs., LLC, 2012 U.S. Dist. LEXIS
132489, at *9-10 (N.D. Cal.); Cal. Civ. Proc. Code § 760.020.  "In
order to satisfy the second requirement, plaintiff must allege
that he has discharged his debt, regardless to whom it is owed."
Id. (citing Kelley v. Mortg. Elec. Registration Sys., Inc., 642 F.
Supp. 2d 1048, 1057 (N.D. Cal. 2009)); see also Miller v. Provost,
26 Cal. App. 4th 1703, 1707 (1994) ("This rule was based on the
equitable principle that a mortgagor of real property cannot,
without paying his debt, quiet his title against the mortgagee.").

Prior to seeking a declaratory judgment of title to the
property, Plaintiffs must allege that they have discharged their
debt.  Plaintiffs have not alleged that they have done so, nor
have they alleged that they can do so.  Furthermore, as discussed
above, to support a cause of action for declaratory judgment for
quiet title, Plaintiffs must allege facts sufficient to show an
actual controversy.  Accordingly, the Court GRANTS Defendants'
motion to dismiss this cause of action. Plaintiffs are granted
leave to amend to remedy these deficiencies if they can do so
truthfully and without contradicting the allegations in their
prior pleadings.

United States District Court
For the Northern District of California

33

1    2. Injunctive Relief

2    Likewise, Plaintiffs' request for injunctive relief is

3 dismissed.  "[A] plaintiff seeking a permanent injunction must

4 satisfy a four-factor test before a court may grant such relief.

5 A plaintiff must demonstrate: (1) that it has suffered an

6 irreparable injury; (2) that remedies available at law, such as

7 monetary damages, are inadequate to compensate for that injury;

8 (3) that, considering the balance of hardships between the

9 plaintiff and defendant, a remedy in equity is warranted; and

10 (4) that the public interest would not be disserved by a permanent

11 injunction."  <u>eBay Inc. v. MercExchange, LLC</u>, 547 U.S. 388, 391

12 (2006).

13    Injunctive relief is a remedy, not a cause of action.  If

14 Plaintiffs successfully plead a cause of action that would support

15 injunctive relief, they may include a request for an injunctive

16 relief remedy in their amended complaint.

17    L. Fourteenth Cause of Action: Financial Elder Abuse

18    1. Effect of Bankruptcy

19    As discussed above, Plaintiffs' cause of action for claims

20 grounded in fraud are dismissed due to their failure to schedule

21 the claims in the 2010 bankruptcy.

22    2. Failure to State a Claim

23    Plaintiffs allege that Defendants "willfully, intentionally

24 and with malicious intent target[ted] Plaintiffs on the basis of

25 age" in violation of California Welfare and Institutions Code

26 section 15610.30.  Compl. ¶ 98.  Plaintiffs' complaint states that

27 Defendants induced them into a "contractual relationship with

28

**United States District Court**
For the Northern District of California

payment terms, conditions, and provisions that would eventually force Plaintiff [sic] to Breach Contract[.]"  Id.

A defendant may be held liable for financial abuse of an elder if it "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both."  Cal. Welf. & Inst. Code § 15610.30(a)(1).  An acquisition of property by a defendant accomplished by false statements can constitute financial elder abuse.  See Zimmer v. Nawabi, 566 F. Supp. 2d 1025, 1034 (E.D. Cal. 2008).  When the gravamen of an alleged Elder Abuse Act violation is fraud, the plaintiff must comply with the heightened pleading requirements of Rule 9(b).  See Trapp v. Chase Home Fin., LLC, 2010 WL 4703864, at *6 (C.D. Cal.).

Plaintiffs' claim for relief under the Elder Abuse Act incorporates the same allegations made in their causes of action for fraudulent inducement to contract.  This claim fails for the same reasons noted above.  Plaintiffs fail to state, with particularity, what false statements Defendants made, or which Defendant defrauded them.  Furthermore, as was discussed in regards to the cause of action for fraudulent inducement, Plaintiffs' causes of action sounding in fraud appear to be time-barred.

Accordingly, the Court GRANTS Defendants' motion to dismiss this cause of action.  Plaintiffs are granted leave to amend to

United States District Court
For the Northern District of California

1  remedy these deficiencies if they can do so truthfully and without

2  contradicting the allegations in their prior pleadings.

3                          CONCLUSION

4       For the reasons set forth above, the Court GRANTS Defendants'

5  motion to dismiss (Docket No. 7) and GRANTS Plaintiffs leave to

6  amend.  Within fourteen days of the date of this order, Plaintiffs

7  may file an amended complaint to remedy the deficiencies

8  identified above.  They may not add further claims or allegations

9  not authorized by this order.  If Plaintiffs file an amended

10  complaint, Defendants shall respond to it within fourteen days

11  after it is filed.  If Defendants file a motion to dismiss,

12  Plaintiffs shall respond to the motion within fourteen days after

13  it is filed.  Plaintiffs must file a brief that responds only to

14  the arguments raised in Defendants' motion.  If Plaintiffs file an

15  opposition that is inapplicable to this case or does not respond

16  to Defendants' arguments, the Court will consider the motion to be

17  unopposed and will grant it.  Defendants' reply, if necessary,

18  shall be due seven days thereafter.  Any motion to dismiss will be

19  decided on the papers.

20       The Court advises Plaintiffs that they may wish to seek

21  assistance from the Legal Help Center, with locations on the 15th

22  Floor of the Federal Building, 450 Golden Gate Avenue, San

23  Francisco, California, in Room 2796, and on the 4th Floor of the

24  Federal Courthouse, 1301 Clay Street, Oakland, California, in Room

25  470S.  Plaintiffs may sign up for a free appointment with an

26

27

28

**United States District Court**
For the Northern District of California

attorney who may be able to provide basic legal help, although not legal representation.   The telephone number for scheduling an appointment at either location of the Legal Help Center is (415) 782-8982.

     IT IS SO ORDERED.

Dated:   September 30, 2014



_____
CLAUDIA WILKEN
United States District Judge