IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE R. WELSH and PAULA D. WELSH,<br><br>        Plaintiffs,<br><br>   v.<br><br>AMERICAN HOME MORTGAGE ASSETS LLC, as (the "Depositor"); WELLS FARGO BANK, N.A., as master servicer; DEUTSCHE BANK NATIONAL TRUST COMPANY as (the "Trustee") and DOES 1 to 50, inclusive,<br><br>        Defendants. | No. C 13-4750 CW<br><br>ORDER DIRECTING PLAINTIFFS TO RESPOND TO DEFENDANTS' MOTION (Docket No. 26) |

On September 30, 2014, this Court issued an order granting Defendants' motion to dismiss Plaintiffs' complaint. In that order, the Court ordered Plaintiffs to file an amended complaint by October 14, 2014. Plaintiffs filed their first amended complaint (1AC) on that date. On October 30, 2014, Defendants moved to dismiss Plaintiffs' 1AC. Pursuant to the September 30th order and Local Rule 7-3(a), Plaintiffs were to file a response to Defendants' motion to dismiss by November 17, 2014. Plaintiffs did not do so. On November 20, 2014, Defendants filed a reply noting Plaintiffs' failure to respond and asking the Court to grant their motion to dismiss. On December 2, 2014, Plaintiffs filed a letter stating that they had never received a copy of Defendants' motion to dismiss and, hence, were not aware that they needed to file a response.

"Failure to follow a district court's local rules is a proper ground for dismissal. . . . Before dismissing the action, the

district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions."  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

The public's interest in expeditious resolution and the Court's need to manage its docket weigh in favor of dismissal. However, the risk of prejudice to Defendants is slight, and when the Court granted Plaintiffs leave to amend their complaint, it indicated that the complaint could possibly be amended to state a claim that would survive a motion to dismiss.  Furthermore, Plaintiffs are pro se and, as such, the Court finds that a dismissal is too harsh a sanction.

Accordingly, Defendants must immediately serve their motion to dismiss on Plaintiffs.  Plaintiffs are directed to respond to Defendants' motion within seven days of the receipt of the motion, no later than fourteen days of the date of this order.  Defendants shall file their reply to the motion seven days after Plaintiffs file their response.  The motion will be decided on the papers.

If Plaintiffs fail to respond to Defendants' motion, this action will be dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: December 15, 2014

_____
CLAUDIA WILKEN
United States District Judge

2